UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER OPOKU,

           Plaintiff,

  v.

CITY OF TUMWATER,

           Defendant.

CASE NO. C24-5167 BHS

ORDER

THIS MATTER is before the Court on defendant City of Tumwater's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), (b)(5), and (b)(6). Dkt. 9.

On February 27, 2024, pro se plaintiff Sylvester Opoku filed an application to proceed *in forma pauperis*, supported by a proposed complaint naming numerous defendants. Dkt. 1. Magistrate Judge Grady J. Leupold declined to grant *in forma pauperis* status, but gave Opoku an opportunity to file an amended complaint. Dkt. 2. He did so, asserting a single § 1983 claim against only the City of Tumwater. Dkt. 3.

Judge Leupold granted Opoku *in forma pauperis* status and he filed his operative amended complaint on May 22, 2024. Dkts. 4, 5. On June 5, Opoku obtained a summons from the Clerk, Dkt. 7. On June 17, he filed an "affidavit of service," which includes

ORDER - 1

process server McKenzie White's testimony that she received a summons on June 13, and that she served the summons on the Tumwater "City Clerk." Dkt. 12. The affidavit does not attach a summons or complaint, does not say when[1] the summons was served, and does not state that a complaint was served.

Opoku's complaint contends that on February 28, 2021, he was arrested and charged with assaulting a McDonald's night shift manager in Tumwater. He claims the assault "never happened" and that his time at the restaurant was captured on McDonald's security video. Dkt. 5 at 2–3. He now asserts that defendant Tumwater obtained the video footage but refused to share it with Opoku, and then destroyed it. *Id*. Opoku's initial, much more detailed complaint[2] asserted that unidentified Tumwater police officers "lost the video, or failed to preserve it," and that they "destroyed it by failing to preserve it." Dkt. 1-1 at 12.

Opoku also contends the prosecutor refused to dismiss the charges, and that his criminal case continued until August 26, 2022, in violation of his civil rights. Dkt. 5 at 3. Opoku's initial complaint asserts that the charges against him were ultimately dismissed. Dkt. 1-1 at 10.

---

[1] Because the affidavit of service is dated June 13, the same day White received the summons, it can be reasonably inferred that she served the summons on that date.

[2] Opoku initially sued McDonalds, its complaining employee Henderson, the officers involved, and others. He asserts that Henderson filed a false police report and faked an injury, and concedes that Henderson told police that Opoku assaulted him. Dkt. 1-1. His amended complaint does not name these parties. Dkt. 5.

ORDER - 2

Opoku most forcefully contends that Tumwater has a policy custom or culture of "no police worn body cameras." He asserts that this policy allows the City to "omit, rectify, destroy exculpatory evidence without supervision." He alleges that Tumwater has held "multiple meetings" on the "subject of police worn body cameras" but has "failed to meet the demands of millions of Americans." Dkt. 5 at 4.

Opoku asserts a single 42 U.S.C. § 1983 *Monell* claim against Tumwater for violations of his Fourteenth Amendment Due Process rights. He asserts Tumwater violated these rights by failing to supervise, incentivizing deceptive and unlawful behavior, and failing to train its officers. *Id*. He seeks compensatory and punitive damages, and a declaration that "the defendants' acts violated federal and state law." *Id*. at 6–7.

Tumwater seeks dismissal under Rule 12(b). It asserts that there is no proof that Opoku properly and timely served a copy of his summons and complaint on it under Rule 4(c)(1). It seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), and for lack of sufficiency of service under Rule 12(b)(5). Dkt. 9.

Tumwater also argues that Opoku has failed to state a plausible § 1983 *Monell* claim against it, and that the case should be dismissed with prejudice under Rule 12(b)(6). It argues that Opoku's claim that Tumwater was constitutionally required to collect evidence for him is erroneous, and that Opoku has not identified a Tumwater policy custom or procedure that was the moving force behind any constitutional violation.

The issues are addressed in turn.

**A.  Rule 4 requires service of a summons and complaint.**

A plaintiff must serve a local government or municipal corporation by "delivering a copy of the summons and complaint to its chief executive officer, or serving a copy of each in the manner prescribed by that state's law…." Fed. R. Civ. P. 4(j)(2).

A defendant may move to dismiss an action if service of process is insufficient. Fed. R. Civ. P. 12(b)(5); *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) ("[A] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Without personal service in accordance with Rule 4, district courts lack jurisdiction to render a personal judgment against a defendant. *Hutchinson v. United States,* 677 F.2d 1322, 1328 (9th Cir. 1982). It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001). *Pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process. *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C. Cir. 1993).

Opoku has demonstrated he served a summons on the Tumwater City Clerk consistent with Fed. R. Civ. P. 4(j)(2) and RCW 4.28.080(2). If the precise date he did so was at issue, he has not established that date. He has not demonstrated that he served a complaint. He has not demonstrated proper service, but for good cause shown he could seek and obtain an extension of time to do so under Rule 4(m). The Court will not dismiss the case on this basis.

**B.     Opoku had failed to state a plausible § 1983 claim against the City of Tumwater.**

The substantive merit of Opoku's § 1983 *Monell* claim against Tumwater is another matter.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

To plausibly assert a 42 U.S.C. § 1983 claim against a municipality (commonly called a "*Monell*" claim), a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). Under *Monell*, a plaintiff must allege: (1) that a municipal employee violated a constitutional right; (2) that the municipality has customs or policies that amount to deliberate indifference; and (3) that those customs or policies were the "moving force" behind the constitutional right violation. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997).

A municipality is not liable simply because it employs a tortfeasor. *Monell*, 436 U.S. at 691. A municipality may be liable for inadequate police training when "such inadequate training can justifiably be said to represent municipal policy" and the resulting harm is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 409).

Construed liberally in his favor, Opoku's operative amended complaint states that someone at "the City" obtained the McDonald's security video of the alleged assault, which he claims would have exonerated him. He states the City refused to share the video, and ultimately destroyed it. He does not explain who destroyed the video, or how, or why, and he does not allege—even in conclusory fashion—that he or she did so pursuant to an official Tumwater policy, custom, or procedure. Instead, his amended complaint's "Fourteenth Amendment § 1983 Monell claim" section asserts that Tumwater s*hould have* a policy that its police (indeed, all police) are required to wear body cameras. Dkt. 5 at 4–6.

Tumwater persuasively argues that neither the defendant City nor its prosecutor has a constitutional obligation to collect evidence for a criminal defendant, and Opoku's claim that the police and/or prosecutor did not act quickly enough to prevent McDonald's from erasing its video is not actionable. They also contend that Opoku has not plausibly pled that a non-party prosecutor has a constitutional obligation to dismiss charges at some point earlier than the charges against Opoku were dropped; they instead enjoy absolute prosecutorial immunity. Dkt. 14 at 3 (citing *Anderson v. City of Bellevue*, 862 F.Supp.2d 1095, 1100 (W.D. Wash. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), and *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005))). Tumwater thus correctly argues that Opoku has not established that any municipal employee violated his constitutional rights.

Tumwater also argues that Opoku has not identified any City policy, custom, or procedure that was a moving force behind any constitutional violation. Dkt. 14 at 4.

Opoku has identified only the lack of a body camera policy. Tumwater demonstrates that it is firmly established that there is no constitutional right to be free from an arrest that is not recorded by a body camera. *Id*. (citing *Baldwin v. Colley*, 2015 WL 5836923 at *4 (N.D. Cal. 2015) (dismissing without leave to amend because plaintiff failed to cite authority for the proposition that a City's policy of not using body cameras provides a basis for *Monell* liability)).

Furthermore, and in any event, Opoku has not plausibly pled any facts remotely tying the officers' lack of body cameras to some constitutional injury; he has not pled that the City's camera "policy" was the moving force behind a Tumwater employee's violation of his constitutional rights. The lack of body camera did not cause the altercation that led to Henderson calling (and allegedly lying to) the police, to Opoku's arrest that day, or to the subsequent loss of the McDonald's video that he now claims would have exonerated him—leading to the dismissal of the charges against him. And, of course, the charges were dropped. Neither the McDonald's video nor the officer's body cameras would have improved or altered that outcome.

In short, Opoku has failed to state a plausible *Monell* claim against Tumwater based on a policy that was the moving force behind a constitutional violation. And he cannot do so, consistent with the facts he has alleged in his two complaints.

Tumwater's Rule 12(b)(6) motion to dismiss for failure to state a plausible claim, Dkt. 9, is **GRANTED**, and this case is **DISMISSED** with prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2024.

BENJAMIN H. SETTLE
United States District Judge